IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD LYLES,                              )
Reg. No. 07408-068,                        )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )   CIVIL ACTION NO. 2:18-CV-285-WHA
                                           )                  [WO]
WARDEN WALTER WOODS,                       )
                                           )
        Defendants.                        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a federal inmate, filed this *Bivens*[1] civil rights action challenging certain

conditions at the Maxwell Federal Prison Camp related to the presence of bats in the ceilings of

the living areas. Plaintiff did not, however, file the $350 filing fee and $50 administrative fee

applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original

affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required

documentation from the inmate account clerk. Thus, the pleadings filed by Plaintiff failed to

provide the court with the information necessary for a determination of whether he should be

allowed to proceed without prepayment of a filing fee in this cause of action.  The court therefore

ordered Plaintiff to "file either the $400.00 filing/administrative fees or an appropriate affidavit in

support of a motion for leave to proceed *in forma pauperis* accompanied by relevant financial

information from the inmate account clerk at Maxwell."  Doc. 3 at 1–2.

On March 29, 2018, Plaintiff filed an affidavit in support of a motion for leave to proceed

*in forma pauperis*. Doc. 4. The motion, however did not include the required documentation from

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

the inmate account clerk.  The court, therefore, did not have the information necessary to determine

whether Plaintiff should be allowed to proceed *in forma pauperis* in this case and entered an order

on March 30, 2018, requiring Plaintiff to provide the court with this information on or before April

18, 2018.  Doc. 6.  The court specifically cautioned Plaintiff that failure to comply with the March

30 order would result in a recommendation that this case be dismissed.  *Id.*

The requisite time has passed and Plaintiff has not complied with the court's March 30,

2018, order.  The court, therefore, concludes that this case is due to be dismissed.  *See Moon v.*

*Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been

forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority

of courts to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R.*

*Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own

affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–

31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding

that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions

imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the

action with or without prejudice."  *Id.*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be

DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to

prosecute this action.

It is further

ORDERED that **on or before May 15, 2018**, Plaintiff may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections

will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final

order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust

Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989).

Done, this 1st day of May 2018.

　　　　　　　　　/s/    Charles S. Coody
　　　　　　　　　UNITED STATES MAGISTRATE JUDGE